UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARREN L. JARVIS (#133118)**                              **CIVIL ACTION**

**VERSUS**

**STEPHANIE LAMARTINERE, ET AL.**                **NO. 15-0629-SDD-EWD**

**O R D E R**

Before the Court is Plaintiff's "Written Request to Expand These Pleadings ~ to Add Additional Defendants ~ [And] Order[] Directing State Witnesses Summons Issued" (R. Doc. 10). The Court interprets this "Request" to be, in part, a motion to amend the Complaint to add new claims and defendants and, in part, a discovery request for copies of Plaintiff's medical and administrative records and copies of documents pertaining to health care at the Louisiana State Penitentiary. Plaintiff has also subsequently filed a "Writ of Mandamus ~ Implore a Fair Hearing ~ Emergency Release of Medical Information ~ and to Renew Original Request to Expand Pleading" (R. Doc. 17), which apparently seeks a Ruling by the Court on the first-filed "Request"/motion (R. Doc. 10).

Plaintiff's motions shall be denied at the present time without prejudice to the filing of a separate motion to amend the Complaint, setting forth with specificity the claims and defendants sought to be added in this proceeding. Although the Court freely grants leave to amend when justice requires, *see* Fed. R. Civ. P. 15(a), Plaintiff's motion is unclear regarding the claims and defendants sought to be added, and Plaintiff's motion also requests multiple forms of relief –

including a broad-based request for discovery – that are not properly presented in a single motion.[1] Plaintiff is advised that he should submit a separate proposed Amended Complaint (1) that clearly and concisely enumerates and sets forth the substantive claims that he seeks to add, if any, (2) that provides the dates and places where the events occurred, and (3) that lists and attempts to clearly identify any parties that he seeks to include as defendants in this proceeding.  If Plaintiff does not know the full names of the persons sought to be added as defendants, Plaintiff may identify them as "John Doe" or "Jane Doe" personnel and may provide additional information to assist in identifying them, such as the specific dates that the alleged events occurred, specific locations within the facility where the events occurred, and specific ranks, titles, badge numbers or job descriptions, if known, to allow for them to be identified.  In addition, Plaintiff is advised that, in order to obtain information or documentation regarding the identities of such persons or to obtain other information or documentation in the possession or control of the parties named in this proceeding, he should not file a "motion" requesting discovery but should instead utilize the discovery procedures authorized by the Federal Rules of Civil Procedure, *e.g.*, interrogatories (Rule 33), requests for the production of documents (Rule 34) and requests for admissions (Rule 36), to attempt to obtain such information or documentation.[2]  Accordingly,

---

[1]      Plaintiff's "Request" to amend makes reference to events allegedly occurring on different dates in 2014 and 2015, and to persons whose participation in those events is unclear, variously referred to as an "emergency medical major," a "male captain," a "male lieutenant," "other emergency medical employees," a "security major from the treatment center," and "emergency medical employees" who alleged attended or interacted with the plaintiff on different dates, *see* R. Doc. 10 at pp. 5-8. See also R. Doc. 17 at pp. 5-6. The Court is unable to determine from Plaintiff's pleadings who he seeks to add as defendants or what involvement these persons had in the events alleged.

[2]      The Court notes that Plaintiff's broad-based discovery requests may be premature because the Court currently has before it a motion for summary judgment filed by Defendants (R. Doc. 11) wherein Defendants contend that Plaintiff's claims should be dismissed because of his failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. Whereas Plaintiff asserts that

**IT IS ORDERED** that Plaintiff's "Written Request to Expand These Pleadings ~ to Add Additional Defendants ~ [And] Order[] Directing State Witnesses Summons Issued" (R. Doc. 10) is hereby **DENIED**, without prejudice to the filing of a separate motion for leave to amend the Complaint and/or the filing of separate discovery requests in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's "Writ of Mandamus ~ Implore a Fair Hearing ~ Emergency Release of Medical Information ~ and to Renew Original Request to Expand Pleading" (R. Doc. 17), which apparently seeks a Ruling by the Court on the first-filed "Request"/motion (R. Doc. 10), is hereby **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 14, 2016.

                                                                               *[signature]*
                                                             **ERIN WILDER-DOOMES**
                                                             **UNITED STATES MAGISTRATE JUDGE**

---

he meets an "exception" to the exhaustion requirement and that, "with the requested records, the exception will be clearly and convincingly proven," *see* R. Doc. 17 at p. 3, Plaintiff has not informed Court of the specific "exception" to which he refers, nor of the specific records that will support the applicability of such "exception."