UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARREN L. JARVIS (#133118)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**STEPHANIE LAMARTINERE, ET AL.**　　　　　　**NO. 15-0629-SDD-EWD**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on August 3, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARREN L. JARVIS (#133118)                                        CIVIL ACTION

VERSUS

STEPHANIE LAMARTINERE, ET AL.                           NO. 15-0629-SDD-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion for Summary Judgment (R. Doc. 11). This motion is opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Ass't Warden Stephanie Lamartinere, Col. Chadwick Darbonne and Ass't Warden Jimmy Smith, alleging that his constitutional rights were violated in November 2014, when he was subjected to deliberate medical indifference on November 2 and 3, 2014 and when he was charged with a disciplinary report on November 3, 2014. In addition, Plaintiff alleges that defendant Darbonne interfered with Plaintiff's pursuit of an administrative grievance relative to the foregoing and that several months later, on February 19, 2015, defendant Darbonne improperly retaliated against Plaintiff for that grievance by ordering that Plaintiff be placed in segregated confinement for an indefinite period of time, without a disciplinary hearing or finding of guilt.

Defendants move for summary judgment, contending that dismissal is appropriate in the first instance in this case because Plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. Defendants rely upon the pleadings, a Statement of Undisputed Facts, and the affidavits of Rhonda Z. Weldon and defendant Chadwick Darbonne.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that he declared himself to be a medical emergency at LSP on November 2, 2014, complaining about symptoms that he characterizes as being "all pre-existing – upper back pain, night-time fever, diarrhea and some vomiting." *See* R. Doc. 1 at p. 11. According to Plaintiff, he was transported to the LSP infirmary in response, where a sick-call officer administered two injections into Plaintiff's right hip. Plaintiff alleges that there was ensuing confusion regarding the injections, with questions raised as to the identity of the medications that had been administered (a "virosis" or so-called "miracle drug" according to Plaintiff) and as to whether the medications should properly have been administered, and Plaintiff complains that no laboratory tests were ordered, no diagnosis made, and no other medication prescribed. Instead, he was sent back to his housing unit without observation, and he alleges that medical officers made reference to a purported note in his medical record, "signed by a head doctor, a head nurse and a supervising security officer," indicating that Plaintiff had previously "refused [medical] treatment." *See id.* at p. 14.

Plaintiff alleges that the next day, November 3, 2014, his symptoms had worsened and a swelling that allegedly "was smaller than a gulfball [sic] the day before, was now larger than a softball and growing." *See id.* at p. 16. Plaintiff complains that although emergency sick-call employees were consulted and evaluated his condition, and although they agreed that the swelling had visibly increased, "[n]o medical employee would check my blood presure [sic], my body tempurture [sic] … [or] call in a staff physican [sic]." Instead, health care officers again made reference to the "note" in Plaintiff's file and refused to provide any treatment.

Plaintiff further asserts that on the same date, November 3, 2014, he and a co-inmate were allegedly placed in segregated confinement based upon a charged disciplinary report accusing the two inmates of committing a "sex-offense violation." Plaintiff asserts that this disciplinary report

was initiated by the same health care officer who had administered the two injections the day before.  Plaintiff further suggests that the referenced health care officer is the daughter of defendant Chad Darbonne and that she initiated the report after viewing the inmates' actions on prison monitors.  *See id.* at pp. 17-18.

Finally, Plaintiff alleges that he attempted to pursue an administrative claim relative to the foregoing by mailing a grievance to the LSP Warden on or about December 6, 2014, but the grievance was allegedly intercepted by defendant Chad Darbonne.  The basis for this assertion is Plaintiff's claim that approximately two months later, on February 19, 2015, defendant Chad Darbonne called Plaintiff to a meeting and informed Plaintiff that prison officials would not allow offenders such as Plaintiff to submit administrative complaints about being denied medical treatment.  *See id*. at p. 19.  Plaintiff alleges that during that meeting, he observed that defendant Darbonne was in possession of the original administrative grievance that Plaintiff had attempted to submit to prison officials in December 2014, complaining about the alleged improper medical treatment of November 2 and 3, 2014.  Plaintiff alleges that in apparent retaliation for that administrative grievance – which according to Plaintiff was never processed or addressed – defendant Darbonne ordered that Plaintiff be placed in segregated confinement for an indeterminate period of time.  Plaintiff further alleges that this was done without any rule violation on his part, without notice, without a hearing, and without any finding of guilt or right of appeal.  Instead, defendant Darbonne allegedly relied upon an unrelated disciplinary violation charged against Plaintiff several days previously on February 11, 2015, notwithstanding that that disciplinary charge had allegedly been dismissed on February 16, 2015 after an investigation and a disciplinary hearing.  *See id*. at pp. 20-21.

In response to Plaintiff's allegations, Defendants contend that Plaintiff's claims are subject

to dismissal for failure to exhaust administrative remedies. Specifically, Defendants assert that a review of the records of the institution reflect that no administrative grievance whatever was submitted by Plaintiff in connection with the events asserted in this proceeding. In this regard, pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner is required to exhaust administrative remedies by complying with applicable prison grievance procedures. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Specifically, not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Thus, a certain degree of specificity is necessary in a prisoner's grievance, and the grievance must be evaluated in light of this intended purpose. *Id.*

Upon a review of the record in this case, the Court finds that Defendants' motion is well-taken and should be granted. Specifically, as discussed hereafter, the Court finds that Defendants have come forward with summary judgment evidence reflecting that Plaintiff failed to properly exhaust administrative remedies, and Plaintiff has not responded by presenting competent

---

1. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

summary judgment evidence sufficient to defeat Defendants' showing or to demonstrate the existence of a genuine issue of material fact relative to exhaustion. Inasmuch as Plaintiff's Complaint essentially relates to two separate sequences of events, the first occurring in November, 2014 and the second occurring in February, 2015, the Court will address these events separately.

With regard to the events of November, 2014, Plaintiff alleges that he was subjected to deliberate medical indifference when a medical provider improperly injected him with medication, when he was thereafter denied appropriate medical attention, and when he was issued a disciplinary report involving an alleged sexual offense with a co-inmate. In response, Defendants have produced the sworn assertion of Rhonda Z. Weldon, identified as Paralegal for the Louisiana Department of Public Safety and Corrections, Legal Services, Office of the Secretary, attesting that no administrative grievance has been discovered that was submitted by Plaintiff relative to those events. *See* R. Doc. 12. In addition, Defendants have produced the sworn affidavit of defendant Chad Darbonne, attesting that he has never seen or been in possession of an administrative grievance or letter written by Plaintiff relative to those events. *See* R. Doc. 19-1. In response to these affidavits, Plaintiff has not presented any competent summary judgment evidence to contradict Defendants' showing. To the contrary, Plaintiff has presented only his conclusory assertions that he submitted an administrative grievance to the prison warden on or about December 6, 2014, approximately a month after the events complained of, that he did not receive any written acknowledgement or response to that grievance, that two months later on February 19, 2015 he saw his original grievance in the possession of defendant Darbonne, that he then mailed a copy of the grievance to the office of the Secretary of the Louisiana Department of Corrections on February 23, 2015, and that he also mailed a separate copy of the grievance to the office of the Louisiana Attorney General on March 23, 2015. These assertions, however, are not

sworn and so are not properly considered by the Court on motion for summary judgment. In addition, Plaintiff has failed to provide the Court with a copy of the referenced grievance to review or with copies of any cover letters that may have accompanied his alleged attempts to forward the grievance to the Secretary and Attorney General. Nor has Plaintiff provided the Court with any other documentary evidence to support his contentions. It was incumbent upon Plaintiff to come forward with competent evidence to refute Defendants' sworn assertions and supporting evidence. His failure to provide his own sworn statement or present a copy of the grievance to the Court is persuasive evidence that the grievance was not properly submitted or exhausted.

Further, the Court is unable, in the absence of a copy of the purported grievance, to determine whether the claims now asserted in this proceeding were properly presented to prison officials so as to effectively exhaust those claims and to identify the person or persons sought to be held accountable therefor. *See Johnson v. Johnson, supra,* 385 F.3d at 517. Specifically, the only persons named as defendants in this proceeding are Chad Darbonne, Stephanie Lamartiniere and Jimmy Smith, yet the principal factual claim asserted in Plaintiff's Complaint is that certain *unidentified* health care providers, who are *not* named as defendants herein and so are not before the Court, allegedly mis-handled his medical complaints and improperly charged him with a disciplinary violation on November 2 and 3, 2014. In the absence of adequate notice provided to prison officials, through the substance of Plaintiff's grievance, that Plaintiff intended to assert specific substantive claims of alleged wrongdoing against Defendants Darbonne, Lamartiniere and Smith, Plaintiff failed to effectively exhaust administrative remedies as to them. Further, in the absence of a copy of Plaintiff's purported grievance, the Court is unable to determine whether the grievance makes any reference whatever to the specific defendants named in this lawsuit so as to place prison officials on notice that the plaintiff was attempting to assert the

specific claims that are now before the Court, so as to "provide administrators with a fair opportunity under the circumstances to address the problem" now presented herein. *See id.* Accordingly, the Court finds that Plaintiff has failed to show, through competent summary judgment evidence, that he properly exhausted his administrative remedies regarding these claims and defendants as mandated by 42 U.S.C. § 1997e, and Defendants are therefore entitled to summary judgment in connection with these claims.

In addition to the foregoing, and in the alternative, the Court finds, *sua sponte*, that even were the Court to find that Plaintiff adequately exhausted administrative remedies relative to the events of November, 2014 (or that there is a disputed factual question regarding such exhaustion), and even were the Court to substantively address these claims, Plaintiff's Complaint nonetheless fails to adequately assert a claim against the named defendants upon which relief may be granted as to those events.[2]

In order for there to be liability in connection with a claim of deliberate medical

---

2. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), *citing Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim may be dismissed for failure to state a claim upon which relief may be granted when a plaintiff has failed to provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Douglas v. Gusman*, 567 F. Supp. 2d 877, 883 (E.D. La. June 9, 2008), *citing Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time.  Plaintiff is hereby given notice, through the issuance of this Report and Recommendation and through the 14-day period allowed to the plaintiff to respond thereto under 28 U.S.C. § 636(b)(1), of his right to object to the conclusions reached herein.

indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to the foregoing, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named

defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing principles, it is clear that Plaintiff has failed to allege facts sufficient to support a claim of deliberate medical indifference on the part of the defendants named in this proceeding.  Specifically, Plaintiff's allegations relative to the events of November, 2014 are essentially that he believes he received improper or inadequate treatment during a two-day period when he sought self-declared emergency attention at that time.  He acknowledges, however, that he was seen at the LSP infirmary, that he was provided with medication in response to his complaints (the two injections), and that he was evaluated by health care providers on both dates.  Looking beyond the allegations of the original Complaint to assertions made in subsequent pleadings, it also appears that in response to his complaints, he was also apparently issued a 3-day limited duty status, *see* R. Doc. 10 at p. 17, was provided with "therapeutic[]" treatment, *id*. at p. 5, was seen by medical technicians on subsequent dates in November, 2014, *id*. at p. 7 (although he complains that he was denied treatment on those occasions), and was told that he would be

placed on a list to see a physician as requested. S*ee id*. Whereas Plaintiff believes that additional care or diagnostic testing should have been undertaken, these allegations do not suggest that health care providers were subjectively deliberately indifferent to Plaintiff's serious medical needs in November, 2014 or that they callously disregarded his complaints. To the contrary, Plaintiff's allegations sound more in the nature of a claim of mere negligence, misdiagnosis or disagreement with the care provided, and such a claim, as noted above, is not cognizable under § 1983. Further, these allegations do not implicate any wrongdoing on the part of the specific defendants named in this proceeding, none of whom are alleged to have been personally involved with providing Plaintiff with medical care on the dates in question. *See Lozano v. Smith, supra.* In fact, as to the events of November, 2014, defendant Chad Darbonne is mentioned only in the context of having engaged in a conversation with Plaintiff on November 2, 2014 as Plaintiff left the infirmary, defendant Jimmy Smith is mentioned only in connection with later events occurring in February, 2015, and defendant Lamartiniere is not mentioned at all in the Complaint (other than in the Caption thereof).[3] Although the Court advised Plaintiff over three months ago that he could amend his Complaint to name additional health care providers as defendants, could engage in discovery to obtain the identities of those providers if unknown, and could in engage in formal discovery to obtain information and documentation in the possession of prison officials, *see* R. Doc. 20, Plaintiff has conspicuously failed to do so. Accordingly, the Court finds no basis for a finding of liability on the part of defendants Darbonne, Smith and Lamartiniere or any other LSP official relative to the events of November, 2014.[4]

---

3. The Court further notes, as to defendant Lamartiniere, that Plaintiff has asserted in a subsequent pleading that this defendant is not accused of any wrongdoing relative to Plaintiff. *See* R. Doc. 10 at p. 23.
4. With regard to the disciplinary report allegedly issued against Plaintiff and a co-inmate by an unidentified health care provider on November 3, 2014 (purportedly the daughter of

Turning to a consideration of Plaintiff's claims relative to events allegedly occurring in February, 2015, the Court finds that this issue is more easily resolved. Specifically, whereas Plaintiff asserts that defendant Chad Darbonne intercepted Plaintiff's December 6, 2014 administrative grievance, thereafter called Plaintiff to a meeting on February 19, 2015, and then took action to retaliate against Plaintiff for the earlier administrative grievance by ordering Plaintiff placed in segregated confinement without a disciplinary hearing or finding of guilt, Plaintiff makes no suggestion whatever that he made any attempt to exhaust these issues through the filing of one or more administrative claims. Whereas Plaintiff suggests that he could not do so because there was no disciplinary proceeding from which he could appeal, and that he therefore had no administrative recourse, this assertion is misplaced. Although Plaintiff may not have been able to file a *disciplinary appeal* from a disciplinary finding of guilt and punishment, he was not precluded from filing an administrative grievance complaining about the alleged retaliatory conduct of defendant Darbonne, independent of any alleged wrongful disciplinary proceedings. Plaintiff's failure to do so renders his claims of retaliation and interference with the earlier administrative claim subject to dismissal for failure to exhaust administrative remedies.[5]

---

defendant Darbonne), Plaintiff has similarly failed to name as a defendant herein the person who allegedly issued the referenced disciplinary report. Further, and in any event, the mere issuance of a false or fabricated disciplinary report, without more, does not implicate any constitutional right, *Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984), and Plaintiff does not allege that the report was issued in retaliation for his exercise of any such right. Instead, he asserts that the report was issued either because of conduct observed on prison monitors, *see* R. Doc. 1 at p. 18, or simply because he was being a "trouble-maker," *see* R. Doc. 10 at p. 6, neither of which supports a claim under § 1983. Finally, Plaintiff acknowledges that the referenced disciplinary charge was dismissed several days later at a disciplinary hearing conducted on November 5, 2014. *See* R. Doc. 15 at p. 8. Thus, Plaintiff was not in fact subjected to any punishment as a result of the disciplinary report.

5. This same reasoning applies to Plaintiff's claim asserted against defendant Jimmy Smith, who is only alleged, in any event, to have been aware of defendant Darbonne's wrongdoing in February, 2015 and to have "converged with [the] ill-practice's to punish this prisoner." *See* R. Doc. 1 at p. 22.

**RECOMMENDATION**

It is recommended that Defendants' Motion for Summary Judgment (R. Doc. 11) be granted, dismissing Plaintiff's claims asserted against Defendants for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e), and that this action be dismissed, without prejudice, but with prejudice to re-assertion of the same claim or claims *in forma pauperis*.[6]  It is further recommended, in the alternative, that judgment is appropriate in favor of Defendants, *sua sponte,* pursuant to 28 U.S.C. § 1915, in connection with Plaintiff's claims relative to the events allegedly occurring in November, 2014, for failure of Plaintiff to state a claim upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on August 3, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

6.  *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (wherein the appellate court affirmed the dismissal of an inmate's claim for failure to exhaust administrative remedies "with prejudice for purposes of proceeding IFP."  The Court specifically noted that, "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures").